UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                              :

ANDES PETROLEUM ECUADRO LIMITED,   :

                        Petitioner,  :

       -against-                :

OCCIDENTAL EXPLORATION AND       :
PRODUCTION COMPANY,             :

                 Respondent.  :
                              :

------------------------------------------------------------ X

**ORDER DENYING MOTION TO
QUASH AND FOR A
PROTECTIVE ORDER AND
GRANTING IN PART AND
DENYING IN PART MOTION
TO AUTHORIZE
REGISTRATION OF
JUDGMENT**

21 Civ. 3930 (AKH)

**ALVIN K. HELLERSTEIN, U.S.D.J.:**

       In 2015, following an arbitration proceeding in Ecuador, the Republic of Ecuador

agreed to pay Respondent Occidental Exploration and Production Company ("OEPC") and its

parent Occidental Production Company ("OPC") nearly $1 billion dollars to settle claims arising

out of an oil exploration project in the Amazon.  Thereafter, Petitioner Andes ("Andes"),

pursuant to a contract with OEPC, claimed it was entitled to 40% of OEPC's interest in the

settlement amount.  Andes prevailed on its claim in an arbitration proceeding in New York and

received an award, which this Court confirmed by order dated December 2, 2021.

       The instant postjudgment discovery dispute arises out of Plaintiff Andes's efforts

to satisfy the $558 million judgment.  It has been unable to do because the entire settlement

amount was paid to and retained by OPC.

       On July 6, 2022, in response to a joint letter from the parties, I ordered OEPC to

produce all "documents demanded by Andes" by July 20, 2022, and provided for Andes to

"subpoena relevant current or prior officers and employees of OEPC, requiring their testimony as

to the assets and financial condition of OEPC, and other relevant witnesses."  (ECF No. 50.)  The

Order further provided that "[t]he depositions [could] be taken remotely, on dates set by Andes, or as mutually agreed, or as ordered by the Court, and shall be completed by August 3, 2022." (*Id.*)  Thereafter, on July 11, 2022, moving pursuant to N.Y. C.P.L.R. § 5223 and 5224(a)(1) and Fed. R. Civ. P. 69(a)(2), Andes identified and noticed depositions for nine individuals as well as a Rule 30(b)(6) corporate representative for non-party OPC.  Six of the proposed deponents—Stephen Chazen, Marcia Backus, Rick Callahan, Karen Lippe, Altaf Presla, and Megan Wetterauer—are officers of OPC.  A seventh—Jennifer Kirk—is a former OPC and OPEC officer.

The parties met and conferred on July 14, 2022.  At the conference, OPC's counsel offered to produce an unidentified 30(b)(6) witness and demanded that Andes agree to suspend compliance with the remaining subpoenas.  Andes did not object to deposing the corporate witness first but declined to agree to hold the other subpoenas in abeyance.

On July 19, 2022, OPC filed a motion, pursuant to CPLR 2304 and FRCP 54(d)(3), to quash the subpoenas for deposition testimony as to six of the individual OPC officers (Chazen, Backus, Callahan, Lippe, Prasla, and Wetterauer) and filed a supplemental motion to quash as to Kirk; OPC also moved for a protective order pursuant to CPLR 3103.  (ECF Nos. 51, 54.)  On July 26, 2022, Andes opposed the motions and additionally moved for authorization to register its judgment in other states (California, Texas, and Minnesota) in the hopes of identifying assets there and, if need be, to enforce its deposition subpoenas.  (ECF No. 60.)  This Order addresses all open motions.

For reasons provided below, the motions to quash and for a protective order are denied, and the motion to authorize the registration of the judgment is granted in part and denied in part.

## DISCUSSION

I.    Motions to Quash and for a Protective Order

"[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *Aurelius Capital Master, Ltd. v. Republic of Argentina*, 589 Fed. Appx. 16, 17 (2d Cir. 2014) (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012)).  Federal Rule of Civil Procedure 69(a)(2) allows judgment creditors to "obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).  Both the federal and the New York state rules allow liberal post-judgment discovery. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense"); N.Y. C.P.L.R. § 5223 (permitting discovery of "all matter relevant to the satisfaction of the judgment").

Although Rule 69(a)(2) allows a party to move pursuant to federal or state rules, N.Y. C.P.L.R. 5224(a)(1) provides for service of depositions only on witnesses within New York State.  In contrast, Fed. R. Civ. P. 45(c) allows for nationwide service of process but provides that a subpoena may command a person to attend a deposition only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A).  A party may move to quash the subpoena for falling outside of the 100-mile geographical range but must do so in the district court for the place where compliance would be required. Fed. R. Civ. P. 45(d)(3).

Andes identified the seven individual officers or employees and their relevant knowledge or experience as follows.

> Stephen Chazen signed the January 7, 2016 Settlement Agreement on behalf of both OEPC and OPC. (Settlement Agreement at 35.) Just one day earlier, the directors of OEPC (including Kirk and Clark) had granted Chazen a General Power of Attorney to act on OEPC's behalf, including "the authority to do and perform any and all acts in the name and on behalf of [OEPC] . . . ." (Jacobs Decl. Ex. 7.) The Settlement Agreement,

executed by Chazen—who was then the CEO of OPC—caused OEPC's entire interest in the $1 billion Settlement Amount to be transferred to OPC. Moreover, OEPC itself identified Chazen as one of only four people "involved with" OEPC's "decision to withhold . . . the Settlement Amount from Andes . . . ." (ECF No. 49-11 at 12-13.)

Rick Callahan and Jennifer Kirk are officers or directors of OEPC (or were as recently as October 2021). (*See* Jacobs Decl. Ex. 2 (Statement of Information filed by OEPC in October 2021).) Callahan is the CEO of OEPC (or was as of October 2021), and the only publicly identified CEO in OEPC's mandatory California public filings. Kirk is identified in the same filings as a director of OEPC and is heavily involved in OEPC's corporate affairs and was included on an email chain dated August 2, 2016 involving OEPC and OPC's accounting for the Ecuadorian Settlement Amount.

Marcia E. Backus was identified by OEPC as one of only three people "involved with the negotiation of the Settlement Agreement on behalf of OEPC," and one of only four people "involved with" OEPC's "decision to withhold . . . the Settlement Amount from Andes . . . ." (*Id.*) She also directed the payment of OEPC's legal bills by OPC. (ECF No. 49-11 at 14.)

Altaf Prasla, Karen Lippe, and Megan Wetterauer have been identified by Andes in its review of OEPC's document productions as individuals with significant knowledge regarding OEPC's accounting practices, including accounting for the disposition of OEPC's interest in the Settlement Amount. (Jacobs Decl. ¶¶ 14- 18.) Specifically, Prasla, Lippe, and Wetterauer manipulated OPC's and OEPC's accounting for receipt of the Settlement Amount. (*See, e.g., id.*, Exs. 11, 13.) Moreover, each of Prasla, Lippe, and Wetterauer are included on emails regarding OEPC's "Balance Sheet," documenting OEPC's liabilities, fees, expenses, and account activity. (Id. Ex. 14.) These individuals therefore have unique, first-hand knowledge of the accounting processes OPC and OEPC followed with respect to the Settlement Amount, as well as with respect to OEPC's assets and liabilities.

OPC and the seven named officers or employees ("Movants") move to quash for four reasons. First, they argue that the subpoenas are procedurally defective because Andes moved pursuant to CPLR 5224, which provides for service of depositions only on witnesses in New York State, but even if issued pursuant to Fed. R. Civ. P. 45, the subpoenas would still be infirm because they would transgress Rule 45's 100-mile geographical limitation. Second, Movants argue that the subpoenas violate the Apex Doctrine because Andes seeks to depose high-ranking corporate executives that do not have unique evidence or personal knowledge of the claims at issue, and that other witnesses are capable of providing testimony about the conduct

alleged.  Third, Movants argue that the witnesses do not have sufficient time to prepare because Andes sought to depose witnesses after only ten days, with all depositions to be completed in a three-week time frame.  They contend that Andes has an obligation to proceed in a less burdensome manner, by issuing document or information subpoenas to OPC or a Rule 30(b)(6) deposition.  Finally, Movants argue that the individual subpoenas are unduly burdensome, cumulative, duplicative, and not reasonably calculated to lead to discovery of Occidental Petroleum's knowledge concerning OEPC's "assets and financial condition."

None of Movants' arguments is persuasive.  First, as to the procedural deficiencies, Fed. R. Civ. P. 69(a)(2) allow incorporation of state law procedures for seeking information, but a federal court's jurisdiction over a person is not subject to state law.  *See Guaranty Trust Co. v. York*, 326 U.S. 99, 106 (1945) ("State law cannot define the remedies which a federal court must give simply because a federal court in diversity jurisdiction is available as an alternative tribunal to the State's court.").  In any event, Rule 45(c) allows for nationwide service of process.  The 100-mile geographical limitation in Rule 45(c)(1) applies to compliance, not to service.  The rule is not relevant here because I have ordered depositions to be conducted remotely, so that the witnesses do not have to leave their houses.  Furthermore, Andes's counsel has stated his willingness to travel to Texas and Minnesota to depose the relevant witnesses where they live.  *See* Fed. R. Civ. P. 30(b)(4), 45(c).

Second, the subpoenas do not violate the considerations not to harass high-level executives when the facts are known, not directly by them, but by lower-ranking employees.  *See Gen. Star Indem. Co. v. Platinum Indem., Ltd.*, 210 F.R.D. 80, 83 (S.D.N.Y. 2002) (internal citations omitted).  "However, 'highly-placed executives are not immune from discovery.'" *Id.* (citing *Kuwait Airways Corp. v. Am. Sec. Bank*, 1987 WL 11994, at *4 (citation omitted).  As described above, each of the identified witnesses relevant, direct knowledge.  Each allegedly was involved either in the transactions resulting in OEPC's insolvency (or failure to obtain any

portion of the settlement proceeds), or has access to specialized knowledge as to OEPC's financial conditions and assets.

Third, Movants' objections based on insufficient time to prepare are without merit based on Andes's representation that it offered to extend the timeline for deposing these witnesses and set an expedited schedule to comply with the Court-ordered August 3, 2022 deadline. Given that Andes is amenable to affording the deponents greater time to prepare, I see no reason to quash on this basis.

Finally, Movants' claims that the subpoenas are unduly burdensome also fail. The information sought is "clearly relevant and necessary" because it pertains "to [OPEC's] assets and liabilities." *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293–94 (E.D.N.Y. 2011). Movants claim that the information sought could be obtained from other sources, though they have not identified what those alternative sources might be. In addition, Andes represents that it will do its best to minimize any burden, including adjourning depositions determined to be cumulative and duplicative.

Because Movants have not met their burden to establish any reason to quash the challenged subpoenas (or necessarily to enter a protective order), the motion is denied.

II.      Motion to Authorize Registration of Judgment in California, Texas, and Minnesota

Andes moves for an order, pursuant to 28 U.S.C. § 1963, authorizing the registration in other judicial districts, namely California (based on OPC's incorporation there), Texas, and Minnesota, in hopes of identifying the location of assets to satisfy the outstanding judgment, or if need be, to obtain jurisdiction over the individual witnesses opposing service because they reside in Texas (Chazen, Callahan, Backus, Prasla, Lippe, Wetterauer) and Minnesota (Kirk).

Section 1963 provides that a judgment entered in any federal district court may be registered "in any judicial district, when the judgment has become final by appeal or expiration

of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. "Good cause," for the purposes of section 1963, is established "upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment." *Jack Frost Labs., Inc. v. Physicians & Nurses Manuf. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997) (quoting *Woodward & Dickerson v. Kahn*, 1993 U.S. Dist. LEXIS 4188, 1993 WL 106129 (S.D.N.Y. Apr. 2, 1993)). In the absence of registration in foreign districts, it can be difficult for a judgment creditor to locate a judgment debtor's property in other judicial districts. Therefore, "judgment creditors 'need not show exact evidence of assets' and registration may be granted upon a lesser showing." *Owen v. Soundview Fin. Group, Inc.*, 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999).

Although the judgment in this case has not become final, *see* ECF No. 48 (Notice of Appeal), I find that Andes has established "good cause" for allowing it to register its judgment in another district. Andes has shown that OEPC lacks sufficient property or assets in this district. It claims that OPC received, and improperly retained, the entirety of the Ecuadorian Settlement Amount; thus, based on the fact that OPC is incorporated in California, it is reasonable to infer that OPC has property in that state from which Andes may be able to enforce its judgment. Andes has therefore established good cause to permit registration of the judgment in a district in California. As to Andes's request to register the judgment in Texas and Minnesota, however, no basis has been shown and will have no effect on the agreement to take depositions. Accordingly, the motion is granted as to California and denied as to Texas and Minnesota.

## CONCLUSION

For reasons provided above, the motions to quash and for a protective order are denied. The motion to authorize registration of the judgment is granted in part and denied in part; Andes may file its judgment in a district in California. The noticed depositions shall proceed, remotely or within 100 miles of the residence of the witnesses, or as the parties agree,

and shall be completed by September 2, 2022, or by a later date agreed on by the parties.  The

Clerk of Court shall terminate the motions (ECF Nos. 51, 54, 60).

SO ORDERED.

Dated:       August 12, 2022
             New York, New York

ALVIN K. HELLERSTEIN
United States District Judge