

Hon. Alvin K. Hellerstein  
United States Courthouse  
500 Pearl Street  
New York, New York 10007

Herbert Smith Freehills New York LLP  
450 Lexington Avenue, 14th floor  
New York, NY 10017  
USA  
T  +1 917 542 7600  
F  +1 917 542 7601  
D  +1 917 542 7810  
E  scott.balber@hsf.com  
www.herbertsmithfreehills.com

The motion to seal is granted.

SO ORDERED.

/s/ Alvin Hellerstein  
August 9, 2023

Date  
January 11 2023

By ECF

**Re: *Andes Petroleum Ecuador Limited v. Occidental Exploration and Production Company*, Case No. 1:21-cv-03930-AKH**

Dear Judge Hellerstein,

Pursuant to Section 4(B)(ii) of the Court's Individual Practices, judgment creditor Andes Petroleum Ecuador Ltd. ("Andes") submits this letter in support of Andes filing under seal certain documents in support of its contemporaneously-filed motion for a turnover order against Occidental Petroleum Corporation ("OPC," and collectively with Andes, the "Parties").[1]  By way of background, on December 2, 2021, the Court entered judgment against OPC's subsidiary, Occidental Exploration and Production Company ("OEPC"), and in favor of Andes, in the amount of $558,577,380.56 plus costs.  To date, OEPC has paid Andes only three percent of its judgment debt, while representing that OEPC does not have any additional assets.  The 5225 Motion demonstrates that a turnover order should be entered against OPC, as the alter ego of OEPC.

On August 10, 2022, over OPC's objection, the Court ordered that OPC produce certain officers, directors, and employees for depositions.  At that time (and still today), the parties were engaged in separate ongoing litigation, currently pending in New York Supreme Court, in connection with OPC receiving a fraudulent conveyance from OEPC (the "DCL Action").[2]  In light of this Court's August 10

---

[1]  Specifically, Andes submits this letter motion and notification in connection with (i) Andes' filing of a redacted version of Andes' memorandum of law in support of a turnover order against OPC pursuant to Rule 69 of the Federal Rules of Civil Procedure and Section 5225(b) of New York's Civil Practice Laws & Rules (the "5225 Motion"); and (ii) Andes' filing of certain exhibits to the 5225 Motion under seal.

[2]  The DCL Action is titled *Andes Petroleum Ecuador Ltd. v. Occidental Petroleum Corporation and Occidental Exploration and Production Company*, Index No. 655072/2021 (Sup. Ct. N.Y. Cnty.).

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
January 11 2023
Letter to
Hon. Alvin K. Hellerstein

order and in the interest of judicial economy, the Parties agreed to only depose each of the OPC deponents once, and permit their testimony to be used in both the DCL Action and the above-captioned action.  However, the Parties have executed a confidentiality stipulation that was so-ordered by the court in the DCL Action on June 21, 2022 (the "Protective Order").[3]  Pursuant to the Protective Order, OPC has designated the entirety of the transcripts from all six of the depositions of its officers, directors, and employees as "Confidential Information."  Thus, Andes has no choice but to file (i) a redacted version of its memorandum of law in support of its 5225 Motion; and (ii) seven exhibits to the 5225 Motion (*i.e.*, Exs. 24, 27, 28, 29, 31, 43, 45) under seal (the "Sealed Exhibits"), in order to comply with its obligations under the Protective Order.

Andes believes that there is no legitimate basis for OPC to have designated the transcripts of its deponents or the Sealed Exhibits as "Confidential Information," as they do not contain any proprietary business information of OPC.  Court records and documents are subject to a presumption that they will be open for public inspection.  *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co*., 828 F.2d 110, 116 (2d Cir.1987)).  However, Section 4(B)((ii) of the Court's Individual Practices states in relevant part that "[w]hen a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials."  Thus, this letter provides notice to OPC—the producing party—that it must promptly provide a basis to seal these documents.

Respectfully submitted,

/s/ *Scott S. Balber*

Scott S. Balber
Herbert Smith Freehills New York LLP


cc:     Counsel for OPC (by ECF)
        Counsel for OEPC (by ECF)

---

[3] A true and correct copy of the Protective Order is attached to the accompanying declaration of Steven B. Jacobs (the "Jacobs Declaration") dated January 11, 2023 as Exhibit A.  A true and correct copy of a Stipulation dated October 6, 2022, amending the Protective Order, is attached to the Jacobs Declaration as Exhibit B.